

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| SALTY FIN HOLDINGS, LLC and MICHAEL A. LETTS, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| SALTY FIN INTERNATIONAL, LLC, THE SALTY FIN REAL ESTATE COMPANY, LLC, SALTY FIN REALTY, LLC, SALTY FIN, LLC, SALTY FIN HOLDINGS & REALTY, LLC, and STACY AGRAN, | § § § § § § § § | Civil Action No.: 3:16-01798-MGL |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

### I.     INTRODUCTION

This is an action for trade dress infringement and false designation of origin under 15 U.S.C. § 1125(a) and related claims arising under state law. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1367.

Pending before the Court is Defendants' Motion to Dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 31. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court Defendants' Motion to Dismiss will be granted in part and denied in part. The Court will grant

the portion of the Motion to Dismiss requesting the Court dismiss the claims asserted by Plaintiff Michael A. Letts (Letts), and the Court will deny the remainder of the Motion to Dismiss.

## II.     FACTUAL AND PROCEDURAL HISTORY

Plaintiffs filed their initial complaint in the Court of Common Pleas for Richland County, South Carolina, on April 27, 2016.  ECF No. 1-1.  Defendants filed a notice of removal on June 3, 2016, and removed the case to this Court.  ECF No. 1.

Defendants filed a motion to dismiss the initial complaint under Rule 12(b)(6) on June 10, 2016.  ECF No. 9.  In Plaintiffs' response to the motion, they requested leave to amend the complaint. ECF No. 17.  On November 21, 2016, the Court entered a text order granting Plaintiffs leave to amend the complaint and dismissing without prejudice Defendants' motion to dismiss the initial complaint.  ECF No. 24.

Plaintiffs filed an amended complaint on December 2, 2016.  ECF No. 25.  Plaintiffs subsequently filed two additional amended complaints to correct clerical errors.  ECF Nos. 26, 28. The operative complaint was filed on December 7, 2016 (Complaint).  ECF No. 28.

The Complaint asserts claims for common law trademark infringement, trade dress infringement and false designation of origin under 15 U.S.C. § 1125(a)(1)(A), breach of fiduciary duty, unjust enrichment, breach of contract, violation of the South Carolina Trade Secrets Act, violation of the South Carolina Unfair Trade Practices Act, fraud, negligence/gross negligence, civil conspiracy, and constructive fraud.  *Id.*  The claims are all asserted against Defendants collectively and arise out of Defendants' alleged misappropriation of Plaintiffs' trademark, trade dress, and trade secrets and the business relations between Plaintiffs and Defendants.  *See id.*

2

Defendants filed the Motion to Dismiss currently before the Court on December 21, 2016. ECF No. 31. Plaintiffs responded on January 26, 2017, ECF No. 34, and Defendants filed a reply on February 2, 2017, ECF No. 35. Having been fully briefed on the relevant issues, the Court is now prepared to discuss the merits of Defendants' Motion to Dismiss.

## III.   STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, the Federal Rules of Civil Procedure require a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

Although Rule 8(a) does not require "'detailed factual allegations,'" it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan*

3

*Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Although the Court must accept the plaintiff's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent "they plausibly give rise to an entitlement to relief."  *Iqbal*, 556 U.S. at 679.  In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption all the allegations in the complaint are true, even if doubtful in fact.  *Twombly*, 550 U.S. at 555.

## IV.     CONTENTIONS OF THE PARTIES

Defendants argue each of Plaintiffs' claims fails to allege sufficient facts to support a plausible claim for relief and therefore fails to state a claim for which relief may be granted. Defendants outline the alleged deficiencies of each claim in significant detail, but the Court deems it unnecessary to recount each specific pleading error alleged by Defendants.  Defendants also assert (1) Letts lacks standing to maintain his claims because Plaintiffs' claims all belong to Plaintiff Salty Fin Holdings, LLC (SF Holdings), not Letts, (2) Plaintiffs' claims against Defendant Stacy Agran (Agran) must be dismissed because there is no basis for holding her personally liable for the acts of Defendant Salty Fin Realty, LLC (SF Realty), and 3) Plaintiffs' claims against the corporate Defendants other than SF Realty fail because the Complaint merely alleges such defendants were created under the laws of South Carolina, which has caused Plaintiffs no harm.

Plaintiffs dispute each of Defendants' arguments.

4

## V. DISCUSSION AND ANALYSIS

The Court rejects Defendants' argument the Complaint fails to satisfy the pleading standard and must therefore be dismissed. Although the Complaint is somewhat conclusory, the allegations, when taken as a whole and liberally construed in Plaintiffs' favor, *see Mylan Labs., Inc.*, 7 F.3d at 1134, show Plaintiffs' claims are facially plausible.

The Complaint alleges SF Holdings owns and has continuously used the common law trademark "SALTY FIN" and associated trade dress. ECF No. 28 ¶¶ 27, 37. The Complaint claims Agran was employed by SF Holdings as a real estate agent. *Id.* ¶ 19. According to the Complaint, Agran filed articles of incorporation for the corporate Defendants subsequent to the creation of the SALTY FIN trademark and trade dress and without Plaintiffs' permission. *Id.* ¶ 21. The Complaint further avers Defendants have used Plaintiffs' SALTY FIN trademark/trade dress to provide competing real estate services and that such use was subsequent to SF Holdings' use of the trademark/trade dress and has caused Plaintiffs to suffer damages. *Id.* ¶¶ 33, 38, 41. The Complaint asserts Defendants' use of the SALTY FIN trademark/trade dress is likely to cause confusion for consumers regarding the source of services. *Id.* ¶¶ 32, 38, 39. Such allegations are sufficient to allow the Court to draw the reasonable inference Defendants are liable to Plaintiffs and to render Plaintiffs' trademark/trade dress infringement and related claims facially plausible.

Defendants next argue Letts lacks standing to pursue his claims because Plaintiffs' claims belong to SF Holdings, not Letts. In response, Plaintiffs insist Letts has standing to sue because he is the creator and a member of SF Holdings, and SF Holdings is therefore his personal asset. Plaintiffs further suggest Letts has standing because the allegations in their breach of fiduciary duty claim permit the reasonable inference full relief cannot be afforded through recovery for SF Holdings alone. The Court agrees with Defendants.

5

Plaintiffs fail to dispute Defendants' contention their claims all relate to alleged harm to SF Holdings resulting from Defendants' actions. Thus, Plaintiffs have conceded this point.

The Complaint alleges SF Holdings is organized according to the laws of South Carolina. *Id.* ¶ 1. Therefore, SF Holdings is subject to South Carolina law. Under S.C. Code Ann. § 33-44-201, "a limited liability company is a legal entity distinct from its members." *Id.* Accordingly, it is axiomatic the assets and liabilities of a limited liability company belong to the company and not to its members individually. *See Park Regency, LLC v. R&D Dev. of the Carolinas, LLC*, 741 S.E.2d 528, 536-37 (S.C. Ct. App. 2012) (holding a cause of action arising out of harm to a limited liability company belonged to the company, not its members individually). Because Plaintiffs' claims all arise out of alleged harm to SF Holdings, and SF Holdings is a legal entity distinct from its members, Plaintiffs' claims belong to SF Holdings, not Letts. Letts therefore lacks standing to maintain his claims for alleged harm to SF Holdings.

The Court rejects Plaintiffs' argument Letts has standing on the ground SF Holdings is his personal asset due to the fact he is the creator and a member of SF Holdings. Plaintiffs provide no authority in support of this proposition, and it is directly contradictory to S.C. Code Ann. § 33-44-201, which, as stated above, provides a limited liability company is a legal entity separate and distinct from its members. The Court likewise holds Plaintiffs' contention Letts has standing because the allegations of the breach of fiduciary duty claim permit the reasonable inference complete relief is unable to be had through recovery by SF Holdings alone is without merit. Plaintiffs neglect to offer a further explanation for this assertion, and a review of the Complaint reveals no reason why full relief for the alleged harm caused by Defendants cannot be afforded through recovery by SF Holdings.

Defendants also assert Plaintiffs' claims against Agran fail because there is no basis for holding Agran personally liable for the acts of SF Realty, and Plaintiffs' claims against the corporate Defendants other than SF Realty must be dismissed because the Complaint alleges only that such defendants were created under the laws of South Carolina, which has caused Plaintiffs no harm.  The Court holds both arguments to be meritless.

Contrary to Defendants' suggestion, the Complaint does not seek to hold Agran liable only for the acts of SF Realty.  Rather, the Complaint asserts various allegations against Agran individually.  By way of example, the Complaint alleges Agran breached her contract with Plaintiffs by "failing to market and represent Plaintiff and misappropriating Plaintiff's trade name."  ECF No. 28 ¶¶ 53-55.  Similarly, the Complaint asserts numerous allegations of wrongdoing against the all of the corporate Defendants, not just SF Realty, and Defendants' characterization to the contrary is inaccurate.  For the most part, the allegations of wrongdoing are directed toward Defendants collectively, and all such allegations therefore pertain to all Defendants.  *See* ECF No. 28.  For example, the common law trademark infringement claim refers to "Defendants" and therefore applies to all of the corporate Defendants, not just SF Realty.  *See id.* ¶¶ 26-35.

## VI.   CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Defendants' Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.  The portion of Defendants' Motion to Dismiss requesting the Court dismiss Plaintiff Letts' claims against

7

Defendants is **GRANTED**, and the claims asserted by Plaintiff Letts are hereby **DISMISSED**.

The remainder of Defendants' Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Signed this 2nd day of March 2017 in Columbia, South Carolina.

<u>s/Mary Geiger Lewis</u>_____
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE