

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| SALTY FIN HOLDINGS, LLC and MICHAEL A. LETTS, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| SALTY FIN INTERNATIONAL, LLC, THE SALTY FIN REAL ESTATE COMPANY, LLC, SALTY FIN REALTY, LLC, SALTY FIN, LLC, SALTY FIN HOLDINGS & REALTY, LLC, THE ESTATE OF THERESA HIGGINS, and STACY AGRAN, | § § § § § § § § § | Civil Action No.: 3:16-01798-MGL |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION FOR SANCTIONS**

## I.    INTRODUCTION

This was an action for trade dress infringement and false designation of origin under 15

U.S.C. § 1125(a) and related claims arising under state law.  The Court has jurisdiction over this

matter under 28 U.S.C. §§ 1331 and 1367.

Pending before the Court is Defendants' motion for sanctions under Federal Civil

Procedure Rule 11 and the South Carolina Frivolous Civil Proceedings

Sanctions Act, S.C. Code § 15-36-10 (SCFCPSA or the Act).  Having carefully considered the

motion, the response, the reply, and the surreply, it is the judgment of the Court Defendants' motion for sanctions will be denied.

## II.        FACTUAL AND PROCEDURAL HISTORY

Plaintiffs filed their initial complaint on April 27, 2016, in the Court of Common Pleas for Richland County, South Carolina, ECF No. 1-1, and Defendants removed the case to this Court, ECF No. 1.  Defendants filed a motion to dismiss the initial complaint, ECF No. 9, and, in response, Plaintiffs requested leave to amend the complaint, ECF No. 17.  The Court granted Plaintiffs leave to amend and dismissed Defendants' motion without prejudice.  ECF No. 24.  Plaintiffs filed the final version of their complaint on December 7, 2016 (Complaint), ECF No. 28, which Defendants moved to dismiss.  ECF No. 31.  On March 2, 2017, the Court entered an Order granting in part and denying in part Defendants' motion to dismiss.  ECF No. 36.  The Court granted the portion of Defendants' motion requesting the Court dismiss the claims asserted by Plaintiff Michael A. Letts (Mr. Letts) and denied the remainder of the motion.

On November 17, 2017, Plaintiff Salty Fin Holdings, LLC (SF Holdings), the only remaining plaintiff at the time, filed a stipulation with the consent of Defendants dismissing with prejudice all remaining claims.  ECF No. 59.  The Clerk of Court entered a corresponding Judgment on November 20, 2017, ECF No. 60, and this case was closed.

Defendants filed their motion for sanctions on November 27, 2017.  ECF No. 61.  Plaintiffs responded in opposition, ECF No. 62, and Defendants replied, ECF No. 63.  Plaintiffs then filed a surreply.  ECF No. 64.  Having been fully briefed on the relevant issues, the Court is now prepared to discuss the merits of Defendants' motion for sanctions.

## III.   STANDARD OF REVIEW

Federal Civil Procedure Rule 11 provides in relevant part:

(b)  Representations to the Court.  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c)  Sanctions.

> (1) In General.  If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

The pertinent portion of the SCFCPSA states:

(C)(1)  At the conclusion of a trial and after a verdict for or a verdict against damages has been rendered or a case has been dismissed by a directed verdict, summary judgment, or judgment notwithstanding the verdict, upon motion of the prevailing party, the court shall proceed to determine if the claim or defense was frivolous. An attorney, party, or pro se litigant shall be sanctioned for a frivolous claim or defense if the court finds the attorney, party, or pro se litigant failed to comply with one of the following conditions:

> (a) a reasonable attorney in the same circumstances would believe that under the facts, his claim or defense was clearly not warranted under

existing law and that a good faith or reasonable argument did not exist for the extension, modification, or reversal of existing law;

(b) a reasonable attorney in the same circumstances would believe that his procurement, initiation, continuation, or defense of the civil suit was intended merely to harass or injure the other party; or

(c) a reasonable attorney in the same circumstances would believe that the case or defense was frivolous as not reasonably founded in fact or was interposed merely for delay, or was merely brought for a purpose other than securing proper discovery, joinder of proposed parties, or adjudication of the claim or defense upon which the proceedings are based.

(2) Unless the court finds by a preponderance of the evidence that an attorney, party, or pro se litigant engaged in advancing a frivolous claim or defense, the attorney, party, or pro se litigant shall not be sanctioned.

S.C. Code § 15-36-10(C).

The decision whether to impose sanctions under Rule 11 or the SCFCPSA is left to the sound discretion of the district court. *See, e.g.*, *Sapphire Dev., LLC v. Span USA, Inc.*, Nos. 03-2258, 04-1092, 2005 WL 226032, at *5 (4th Cir. Feb. 1, 2005) (affirming a district court's decision under the SCFCPSA because the decision was "not clearly erroneous"); *In re Kunstler*, 914 F.2d 505, 513 (4th Cir. 1990) (explaining the Fourth Circuit "review[s] all aspects of [a] district court's Rule 11 determinations under an abuse-of-discretion standard." (citations omitted)).

## IV.     CONTENTIONS OF THE PARTIES

Defendants urge the Court to impose sanctions upon SF Holdings, Mr. Letts, and their counsel pursuant to Rule 11 and the SCFCPSA for bringing an allegedly frivolous action. Defendants assert the Complaint was not reasonably based in fact or law and maintain Plaintiffs filed this action for an improper purpose. Defendants raise a number of arguments in support of their contention the Court should sanction Plaintiffs and their counsel, but the Court need not recite

them in full. Rather, Defendants' arguments may be summarized as claims that Plaintiffs took positions unsupported by law and/or facts, drove up discovery costs for Defendants unnecessarily, improperly responded to Defendants' discovery, misrepresented facts, and conducted no discovery themselves, which Defendants aver reveals that Plaintiffs pursued the action for an improper purpose.

Plaintiffs dispute Defendants' contentions and insist imposing sanctions on them would be inappropriate.


## V.     DISCUSSION AND ANALYSIS

Having carefully reviewed the contentions of the parties and the record in this case, the Court holds imposing sanctions on Plaintiffs or their attorneys under Rule 11 or the SCFCPSA would be inappropriate, and the Court will therefore decline to do so.

The Court is unable to hold with certainty Plaintiffs or their attorneys have pursued this action in bad faith. Defendants rely upon conjecture in arguing bad faith on the part of Plaintiffs and their attorneys and have failed to provide any objective evidence of such. Moreover, the Court previously held all the claims in the Complaint, with the exception of those asserted by Mr. Letts, were facially plausible when it granted in part and denied in part Defendants' motion to dismiss the Complaint. ECF No. 36. Defendants have brought forth no new information that causes the Court now to conclude the claims it previously held were facially plausible were in fact frivolous. Similarly, Defendants have failed to persuade the Court that Mr. Letts' claims, although ultimately unsuccessful, were frivolous. Plaintiffs articulated a nonfrivolous theory for pursuing Mr. Letts' claims, and sanctions are not warranted simply because Plaintiffs' theory was incorrect.

The Court's holdings articulated above are dispositive of Defendants' motion for sanctions, and the Court therefore declines to address the remaining arguments of the parties. *See Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

## VI.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Defendants' motion for sanctions is **DENIED**.

**IT IS SO ORDERED.**

Signed this 8th day of January 2018 in Columbia, South Carolina.

s/Mary Geiger Lewis_____
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE